IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| HOWARD LEE BARNES, PRO SE, § <br> also known as § <br> PROFESSOR NFN ALI-HAMZA, § <br> TDCJ-CID No. 647284, § <br> Previous TDCJ-CID No. 483857, § <br> County No. 9807, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> BRAD LIVINGSTON, § <br> NATHANIEL QUARTERMAN, § <br> JOHN H. ADAMS, JAMIE L. BAKER, § <br> PAUL W. SLOAN, § <br> KENDALL T. RICHERSON, § <br> DHIRAJLAL PATEL, PATTY WILKINS, § <br> and LAURA CROSS, § <br> § <br> Defendants. § | 2:09-CV-0210 |

## REPORT AND RECOMMENDATION

Plaintiff HOWARD LEE BARNES, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendant(s) and has submitted a declaration in support of application to proceed in forma pauperis.

Under the "three strikes" provision of the Prison Litigation Reform Act, a prisoner who has had three prior actions or appeals, brought during detention, dismissed as frivolous, malicious, or for failure to state a claim, is barred from further proceeding in forma pauperis in such actions, unless the case fits into the narrow exception enumerated in Title 28, United States Code, section 1915(g). A prisoner who has sustained three dismissals qualifying under the

"three strikes"provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

The Court notes that plaintiff BARNES has sustained at least three dismissals which fulfill the "three strikes" provision of the PLRA. Cause no. 6:97-CV-880 was dismissed by the United States District Court for the Eastern District of Texas, Tyler Division, on April 15, 1998, as frivolous and for failure to state a claim, and plaintiff's subsequent appeal was dismissed on November 12, 1999; Cause no. 1:97-CV-157 was dismissed for frivolousness and failure to state a claim by the United States District Court for the Eastern District of Texas, Beaumont Division, on November 13, 1998, and no appeal was taken; and Cause no. 6:98-CV-141 was dismissed by the United States District Court for the Eastern District of Texas, Tyler Division, as frivolous and for failure to state a claim on October 19, 1998, and plaintiff's subsequent appeal was dismissed on January 14, 2000.

Pursuant to Title 28, United States Code, 1915(g), the Magistrate Judge FINDS plaintiff HOWARD LEE BARNES may not proceed in forma pauperis in any further new filings or appeals filed while a prisoner unless grounds are argued in a motion for leave which fall within the limited exception enumerated in 28 U.S.C. 1915(g).  Even if the instant cause were accompanied by the necessary motion, the grounds presented in the instant suit do not fall within the statutory exception.

Because plaintiff has already sustained the "three strikes" and can no longer avail himself of the provisions for proceeding in forma pauperis, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that plaintiff's request to proceed in forma pauperis be denied and that the instant cause be dismissed for failure to pay the requisite filing

fee.

Permission to proceed in forma pauperis is granted temporarily and solely for the purpose of allowing a Report and Recommendation to issue and be considered by the United States District Judge.

Plaintiff is advised that if he pays the $350.00 filing fee within fourteen (14) days after the filing date hereof, this Report and Recommendation of dismissal will be withdrawn.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of November, 2009.

_/s/ Clinton E. Averitte_
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation

contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).